### In re STEVENS et al.

#### (District Court, D. Vermont. September 20, 1900.)

1. BANKRUPTCY—PARTNERSHIP—FIRM AND INDIVIDUAL DEBTS.
   Where a partnership and its members have been adjudged bankrupts, individual notes of a partner, executed to a creditor of the firm, and credited on a note of the firm held by such creditor, constitute prima facie payments of so much of the firm indebtedness, and are provable against the separate estate of the partner who gave them.

2. SAME—PROOFS OF REAL NATURE OF CLAIM.
   The real nature of the transaction relating to a note given by a bankrupt firm may be shown, to determine whether the debt is one provable against the firm or the individual partners, notwithstanding the failure to enter the transaction at large on the books of the creditor.

3. SAME—SOLVENT PARTNER OF BANKRUPT AS CREDITOR.
   On the bankruptcy of a partnership and its members, one of whom was also a member of another firm, which is solvent, because of the solvency of the remaining partner, the latter becomes an individual creditor of the bankrupt estates as to an indebtedness growing out of dealings between his firm and the bankrupt partner or the bankrupt firm for the amount which might be recovered in an action of account to settle the partnership dealings.

4. SAME—INTEREST ON BALANCES BETWEEN PARTNERS.
   A solvent partner in a firm is not entitled to claim interest against the estate in bankruptcy of his partner on the balances in his favor shown by the partnership books, in the absence of a mutual agreement that such interest should be charged.

In Bankruptcy.

L. F. Wilbur, for claimant.
O. S. Annis, for trustee.

WHEELER, District Judge. Although the $1,945 note was a partnership debt of the firm, the individual notes of $500 and $300 indorsed thereon were prima facie payments of so much made thereon by that partner, and these two notes became his individual liabilities. The payments made by the individual notes would be subject of ad-

justment between the partners the same as if made in money, and the notes would remain individual liabilities, provable against the separate estate. Although the $1,000, which was the consideration of the $1,000 note, was first advanced out of the money of the firm of C. P. & G. W. Stevens, it was afterwards changed, so that G. W. Stevens became liable to that firm for the money, and C. P. Stevens became liable for it upon this note to him. That extended entries of the transactions had not actually been made upon that firm's books would make no difference. Enough was done upon the books to show what should be entered, and the law would require the application of the money according to the real transaction if no entries had been made. Hapgood v. Polley, 35 Vt. 649. This is, therefore, an individual liability of the partners giving the note. The firm of C. P. & G. W. Stevens is not insolvent, for G. W. Stevens is a solvent partner, and there is no question between the creditors of that firm and those of the insolvent partner, for the former have all been, or will be, paid, and none of them appear here; and this is no controversy between the creditors of the other firms of which C. P. Stevens was a member and his individual creditors, but it is one between G. W. Stevens as a member of his firm and the individual creditors of C. P. Stevens. As to the partnership and individual estates involved in these bankruptcy proceedings, he is an individual creditor. The amount is what might be recovered in an action of account to settle these partnership dealings. This partnership balance is as to these individual and partnership assets an individual debt. Bardwell v. Perry, 19 Vt. 292. The bankrupt law changes the common-law rule only as to assets of partnerships involved in the bankruptcy proceedings. That partner claims interest on yearly balances. As to this the referee reports:

"I find that there was no agreement between said partners as to whether the yearly balances on their respective accounts on said firm's books with said firm should draw interest, and that there was never any talk between them on the subject. I find that each partner understood and expected that interest would be cast on the yearly balances in their respective accounts with said firm, either against them or in their favor, as the case might be. But I do not find that each partner understood that the other so understood this matter,—that is, I do not find any mutual understanding about it."

At common law partners are not entitled to interest on balances without an agreement to that effect. The understanding found was merely individual expectations, falling short of any mutual understanding, and more short of any agreement to reckon interest on balances. This shows that an offer to prove a practice of the claimant of charging interest on yearly balances was properly excluded. Amount of $300, $500, and $1,000 notes, with interest, and of partnership balance, without interest, allowed against individual estate of C. P. Stevens.